1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MANUEL ALCALA FARIAS, | ) | 1:07cv0443 AWI DLB |
|---|---|---|
| Plaintiff, | ) ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | |
| CITIBANK USA, | ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Manuel Alcala Farias ("Plaintiff"), proceeding pro se and in forma pauperis, filed the instant action on March 21, 2007.

**DISCUSSION**

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1

1   Fed. R. Civ. P. 8(a) provides:

2   A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

B.   Failure to State a Claim

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

C.   Analysis

Plaintiff's complaint consists of one page and appears to allege violations of the Civil Rights Act and state law. He alleges that Defendant Citibank USA "abuse of my poverty SSI and race as a racial discrimination, never takes consideration my appeals for waiver fees and cost."

2

1  He explains that he has not worked since graduation and has been on disability for 13 years.  He
2  prays for injunctive relief and compensation.
3       Except for the underlining of "student loan" on the civil cover sheet filed with his
4  complaint, the Court would have no indication as to the context of his claims.  Even though it
5  appears that Plaintiff's allegations relate to the collection of his defaulted student loans, there is
6  not enough information in the complaint to satisfy Rule 8.  There is no statement of this Court's
7  jurisdiction, nor is there a short and plain statement of the claims.  The complaint fails to give
8  fair notice as to his allegations because he does not state *any* facts upon which his claims are
9  based.
10      Given his pro se status, Plaintiff will be allowed to amend his claim to correct the above
11 deficiencies.  His complaint must comply with Rule 8 and state this Court's basis for jurisdiction,
12 a short and plain statement of his claim (with supporting facts), and his requested relief.  Until
13 Plaintiff does so, the Court cannot thoroughly screen his complaint.
14      Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his
15 amended complaint complete.  Local Rule 15-220 requires that an amended complaint be
16 complete in itself without reference to any prior pleading.  This is because, as a general rule, an
17 amended complaint supercedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
18 Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any
19 function in the case.
20      Accordingly, IT IS HEREBY ORDERED that:
21      1.   Plaintiff's complaint is dismissed with leave to amend; and
22      2.   Plaintiff may file an amended complaint within thirty (30) days of the date of
23           service of this order.  Plaintiff's complaint should be clearly titled, "First
24           Amended Complaint," and shall refer to the case number assigned to this action.
25
26
27
28

1   If Plaintiff does not file an amended complaint within this time frame, the Court will
2   recommend that this action be dismissed.

5   IT IS SO ORDERED.

6   **Dated:   March 29, 2007**              **/s/ Dennis L. Beck**
    9b0hie                                    UNITED STATES MAGISTRATE JUDGE