# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALCALA FARIAS,<br><br>        Plaintiff,<br><br>vs.<br><br>CITIBANK USA,<br><br>        Defendant. | Case No. 1:07-cv-0443 AWI TAG<br><br>REPORT AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER (Doc. 9) |

## BACKGROUND

On March 21, 2007, Plaintiff Manuel Alcala Farias ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docs. 1, 5). On March 29, 2007, the Court dismissed Plaintiff's complaint without prejudice and ordered him to file an amended complaint on or before May 1, 2007. (Doc. 9). The Court advised Plaintiff that failure to timely file the amended complaint would result in a recommendation that the action be dismissed. (Id.).

On May 8, 2007 – one week after Plaintiff's amended complaint was due to be filed – this Court issued an order to show cause ("OSC"), directing Plaintiff both to provide a written explanation as to why he had not complied with the Court's March 29, 2007, order and to appear at a May 25, 2007, show cause hearing.[1]  (Doc. 13).  Plaintiff filed a written response to the OSC, which

---

[1] Plaintiff filed a "Notice" on May 7, 2007, in which he expanded upon his initial charges that defendant Citibank USA ("Citibank") had engaged in criminal acts when it refused to discharge his student loans, harassed and assaulted him, causing him to suffer "mental depression." (Doc. 12). Attached to this filing are various applications for a discharge of student loans, none of which reference Citibank. Assuming, arguendo, that Plaintiff filed this as his amended complaint, it falls short of curing the deficiencies in his original complaint that led to its dismissal. (Docs. 1, 9). This "Notice" fails to state a basis for jurisdiction or set forth a short and simple statement of the cause of action and underlying facts, and, thus, fails to state a claim upon which relief could be based or otherwise comply with the Court's March 29, 2007, order.

did not explain why he had failed to comply with the Court's March 29, 2007 order to file an amended complaint in accordance with the instructions contained in that order.  (Doc. 14). Plaintiff's response, instead, reiterated some of the assertions set forth in his initial complaint and "Notice."  (Id.; docs. 1, 12).  Plaintiff appeared at the May 25, 2007 show cause hearing.  (See, Doc. entry 15).  However, at the show cause hearing Plaintiff failed to provide an adequate or comprehensible explanation for his failure to file an appropriate amended complaint.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Carey v. King, 856 F.2d 1439 (9th Cir. 1988); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262

---

Fed.R.Civ.P. 8(a); (Doc. 12).

(9th Cir. 1992); <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d 128, 132-33 (9th Cir. 1987); <u>Henderson</u>, 779 F.2d at 1424.  The Court's order of March 29, 2007, warned Plaintiff that if he did not file an amended complaint within thirty days of the date of service of the order, the Court would recommend that the action be dismissed.  (Doc. 9).  In the OSC, this Court expressly stated that " **PLAINTIFF IS WARNED THAT FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN A RECOMMENDATION TO DISMISS THIS ACTION."**  (Doc. 13).  Despite adequate warning, Plaintiff has not provided an explanation that would excuse his failure to comply with the March 29, 2007 order, has not yet filed an amended complaint, and, accordingly, he has failed to prosecute this action.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, with prejudice, for Plaintiff's failure to comply with the Court's March 29, 2007 order and his failure to show cause why this action should not be dismissed as a consequence. (Docs. 9, 13).

This Report and Recommendation is submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with this report and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Report and  Recommendation."  The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 15, 2007**                                              **/s/ Theresa A. Goldner**
                                                                                    UNITED STATES MAGISTRATE JUDGE